UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEMA ARMSTEAD, | ) | 1: 05 CV F-0212 OWW DLB P |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION RE |
| v. | ) | DISMISSAL OF ACTION FOR |
| | ) | FAILURE TO STATE A CLAIM UPON |
| P. SCHULTZ, et.al., | ) | WHICH RELIEF CAN BE GRANTED |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff is a former prisoner in federal custody proceeding pro se with a civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Pending before the Court is Plaintiff's amended complaint filed July 5, 2005, which plaintiff filed after this court dismissed the original complaint with leave to amend. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend

may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In the amended complaint plaintiff names Unit Manager R. Armendariz as the only defendant. Plaintiff alleges that on June 14, 2004, he suffered a seizure during the night and fell out of his upper bunk. He alleges that he suffered a pinched nerve as a result of the fall. Plaintiff contends that his injury was the result of deliberate indifference on the part of prison staff because he has an epileptic condition and therefore the medical department gave an lower bunk order with which unit staff failed to comply. Plaintiff alleges that prior to his accident, he submitted a request to defendant Armendariz asking to be given a lower bunk and was told he would be given the next available lower bunk. Plaintiff contends there was a lower bunk available at that time. Plaintiff seeks punitive damages.

Plaintiff's allegations are insufficient to state a cognizable claim against defendant Armendariz who is the only named defendant. As plaintiff was previously advised, a prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not

1 state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does
2 not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble,
3 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995);
4 McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs.,
5 Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to
6 establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d
7 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not
8 support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

9 Deliberate indifference can be manifested by prison guards intentionally denying or delaying
10 access to medical care or intentionally interfering with the treatment once prescribed.  Estelle v.
11 Gamble, 429 U.S. at 104-05.  However, where a prisoner alleges a delay in receiving medical
12 treatment, the prisoner must allege that the delay led to further injury.  McGuckin v. Smith, 974 F.2d
13 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133,
14 1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.
15 1985).

16 Although neither a physician's negligence nor a prisoner's disagreement with a particular
17 course of treatment states a claim for deliberate indifference, a prison medical staff's acts or
18 omissions will constitute deliberate indifference if staff members knew of and disregarded an
19 excessive risk to an inmate's health.  Farmer v. Brennan, 511 U.S. at 837.  Prison officials are
20 deliberately indifferent to a prisoner's serious medical needs when they "interfere with treatment
21 once prescribed." Estelle v. Gamble, 429 U.S. at 104-05.  The Ninth Circuit has found deliberate
22 indifference where prison officials "deliberately ignore the express orders of a prisoner's prior
23 physician for reasons unrelated to the medical needs of the prisoner." Hamilton v. Endell, 981 F.2d
24 1062, 1066 (9th Cir. 1992)(reversing summary judgment where prison officials forced prisoner to
25 endure a plane flight that resulted in ear injury, in direct contravention of a treating physician's
26 previous orders); Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989)(per
27 curium)(reversing summary judgment where medical staff knew that pretrial detainee had head
28

1  injury, but prescribed contraindicated medications, disregarding evidence of complications to which
2  they had been specifically alerted by private treating physician); Tolbert v. Eyman, 434 F.2d 625 (9th
3  Cir. 1970)(finding cognizable claim for deliberate indifference where warden refused to authorize
4  prisoner's receipt of medicine that had been previously prescribed by a physician); Cf. McGuckin v.
5  Smith, 974 F.2d 1050, 1062 (9th Cir. 1992)(where surgery recommended by prisoner's prior
6  physician was severely delayed, court was unable hold doctors liable because prison administrators,
7  not the doctors, were responsible for scheduling treatment).

8        The Courts of other federal Circuits have also found deliberate indifference where prison
9  officials ignore a previous physician's treatment plan.  White v. Napoleon, 897 F.2d 103 (3rd Cir.
10 1990) (finding cognizable claim for deliberate indifference where prison officials ignored private
11 hospital's treatment orders and refused inmate's access to prescribed medication); Gill v. Mooney,
12 824 F.2d 192 (2nd Cir. 1987) (finding cognizable claim where prison officials refused to permit
13 plaintiff to participate in exercise program prescribed by doctor); Eades v. Thompson, 823 F.2d 1055
14 (7th Cir. 1987) (finding cognizable claim where prisoner alleged that prison officials made him
15 travel and carry a heavy box, causing a surgical incision to gape open, in violation of prior medical
16 orders); Martinez v. Mancusi, 443 F.2d 921 (2nd Cir. 1970), cert. denied 401 U.S. 983, cited with
17 approval by Estelle v. Gamble, 429 U.S. at 105 n.10 (finding deliberate indifference where prison
18 staff forced post-surgical prisoner-patient to walk, ignoring warnings from hospital personnel that
19 inmate should not be moved); see also Carl T. Drechsler, Annotation, Relief Under Federal Civil
20 Rights Acts to State Prisoners Complaining of Denial of Medical Care, 28 A.L.R. Fed. 279 (1976)
21 (recognizing that, on the whole, courts do not condone the practice of prison officials ignoring orders
22 rendered by a prisoner's previous physician).

23    Here, plaintiff admits that defendant Armendariz granted his request for a lower bunk, as
24 soon as one was available.  That plaintiff believes there was a lower bunk available at that time, does
25 not establish deliberate indifference on the part of defendant Armendariz.  Plaintiff does not allege
26 that this defendant ignored his request for a lower bunk or that he interfered with plaintiff's bunk
27 assignment.  Plaintiff's allegations against defendant Armendariz simply do not rise to the level of
28

deliberate indifference. Even if defendant was wrong about there not being a lower bunk available at the time of plaintiff's request, as discussed, negligent conduct does not amount to deliberate indifference.

In summary, the Court finds that plaintiff's amended complaint, like his original complaint, fails to state any cognizable claims for relief and therefore should be dismissed. In recommending dismissal, the Court recommends that plaintiff not be granted leave to amend again because he was previously given the opportunity to file an amended complaint, and he was unable to cure the deficiencies. Accordingly, the Court HEREBY RECOMMENDS that plaintiff's amended complaint be dismissed without leave to amend, concluding this action in its entirety.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 10, 2006**                              **/s/ Dennis L. Beck**
3b142a                                                  UNITED STATES MAGISTRATE JUDGE